UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:

    GERALD POMES                                      BK No. 11-12770
    DARLENE POMES
           Debtor(s)                           Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on July 8, 2011. Debtor(s) filed a Certificate of Service on July 8, 2011, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The motion to modify the secured claim N/A

3. The motion to avoid the lien N/A

4. The motion to assume or reject lease N/A

5. In addition to pre-confirmation payments of $300.00, the employer of the Debtor, GPL Construction, Inc., Attn: Payroll Dept., PO Box 119, Glendale, RI 02826, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $150.00 per month from October 2012-January 2014 and then $390.00 per month from February 2014-July 2016.

6. The debtors shall pay to the Trustee the federal income tax refunds received during the term of the Plan.

7. The effective date of confirmation of the Plan is September 22, 2011.

8.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

9.  Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

10. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

11. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

12. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

13. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

14. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

15. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

16. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

17. This order is effective for the plan confirmed on September 22, 2011 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

ORDER:                                              ENTER:


__KF_____         _____
Deputy Clerk                                        Arthur N. Votolato
                                                    U.S. Bankruptcy Judge
                                                    Date: 10/14/11

Entered on: October 14, 2011

In re:   Gerald & Darlene Pomes                        BK-11-12770

### SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B.  ADMINISTRATIVE CLAIMS

   Attorney's fees due to Stephen Levesque, Esq. in the amount of $2,500.00 shall be paid first.

C.  PRIORITY CLAIMS

   None

D.  SECURED CLAIMS

   Navigant Credit Union will be paid its pre-petition arrearage in the approximate amount of $237.00 next after payment of administrative claims.

   Citizens Bank will be paid its pre-petition arrearage in the approximate amount of $120.00 next.

   AmeriCredit Financial Services will be paid its pre-petition arrearage in the approximate amount of $392.00 next.

   The debtor(s) shall be responsible for the ongoing monthly mortgage payments to Navigant Credit Union and Citizens Bank and the ongoing secured loan payments to AmeriCredit Financial Services and Harley-Davidson Credit Corp.

E.  UNSECURED CLAIMS

   All unsecured creditors shall receive not less than 8% of the amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

   None